**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARKAZZ SMITHSON,<br><br>Petitioner,<br><br>v.<br><br>COMMONWEALTH OF PENNSYLVANIA; WARDEN OF ALLEGHENY COUNTY JAIL; *and* DISTRICT ATTORNEY OF ALLEGHNEY COUNTY,<br><br>Respondents. | ) | Civil Action No. 2:25-cv-1119<br><br>District Judge Christy Criswell Wiegand<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 11 |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Petition for Writ of Habeas Corpus (the "Petition"), ECF No. 11, be dismissed as moot. Likewise, a certificate to appealability should be denied.

### II. REPORT

Petitioner Markazz Smithson ("Petitioner") was, at the time of filing, a state pretrial detainee held at the Allegheny County Jail in Pittsburgh, Pennsylvania.

Petitioner initiated this matter by filing the Petition, which was received on July 25, 2025. ECF No. 1. After the payment of the filing fee, ECF No. 10, the Petition was formally filed on November 14, 2025. ECF No. 11.

In the Petition, Petitioner complains of his pretrial detention due to his then-pending state criminal charges in Com. v. Smithson, No. CP-02-CR-5693-2021 (C.C.P. Allegheny Cnty.).[1] Id. at 1 and 5.

The basis for federal habeas relief is not entirely clear from the Petition. However, as best as this Court is able to discern from the allegations therein, it appears that Petitioner complains of the constitutionality of the stop and search that led to his arrest and state charges at No. CP-02-CR-5693-2021.[2] Id. at 2-4. Petitioner alleges that the search violated his rights under the Fourth, Ninth, and Fourteenth Amendments to the Constitution of the United States. Id. at 1. He also asserts violations of state law. Id. at 1 and 4.[3]

A review of the state court docket reveals that, on September 3, 2025 – well before he paid the filing fee in this matter – he pleaded guilty to a single charge at No. CP-02-CR-5693-2021, and

---

[1] See also Docket, Smithson, No. CP-02-CR-5693-2021 (available at https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-02-CR-0005693-2021&dnh=f34aHZDMznZUxUsTFSV1kA%3D%3D (last visited Sept. 11, 2026)).

[2] Claims arising for alleged unlawful searches generally are not cognizable in a pretrial federal habeas petition under 28 U.S.C. § 2241 unless Petitioner has been denied a full and fair hearing. See Sharma v. Unknown Respondent, No. 5:15-HC-2209, 2016 WL 8667801, at *2 (E.D.N.C. Mar. 30, 2016) ("Fourth Amendment claims generally cannot be considered on habeas review unless the state has denied him a full and fair hearing. Because the matter was brought during the pendency of the criminal matter, the petitioner was not in a position to make such an assertion.") (citing Wright v. West, 505 U.S. 277, 293 (1992); Stone v. Powell, 428 U.S. 465, 481-82 (1976)) (additional citations omitted). But Petitioner admits to having a suppression hearing in 2022. ECF No. 11 at 2. Additionally, to the extent that Petitioner seeks monetary damages for his pretrial detention, see id. at 5, they are not available in habeas. Preiser v. Rodriguez, 411 U.S. 475, 494 (1973) ("If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus.").

Thus, even if this Court were to address the merits of the Petition, Petitioner has not demonstrated entitlement to pretrial federal habeas relief under Section 2241.

[3] Petitioner's state law claims are not cognizable under Section 2241. Id. at § 2241(c).

the rest of the charges asserted against him therein were withdrawn. Docket, No. CP-02-CR-5693-2021.

A habeas petition attacking state pretrial detention under 28 U.S.C. § 2241 is mooted upon the petitioner's conviction. See, e.g. Jones v. Mullen, No. 17-1366, 2017 WL 7691900, at *2 (W.D. Pa. Dec. 8, 2017) (citing cases), report and recommendation adopted, 2018 WL 889027 (W.D. Pa. Feb. 14, 2018).

The public record indicates that Petitioner no longer is a pretrial detainee in No. CP-02-CR-5693-2021, but instead has been convicted in that case. The present Petition thus is moot. If Petitioner intends to seek federal habeas relief from this conviction, he must file a new petition under 28 U.S.C. § 2254. But see id. § 2254(b)(1) (setting forth the requirement to exhaust claims in state court).

To the extent that a certificate of appealability is required, the same should be denied because jurists of reason would not find the foregoing debatable. See, e.g., Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**III. CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the Petition, ECF No. 11, be dismissed as moot. Likewise, a certificate to appealability should be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Any party opposing objections may file their response to the objections within fourteen days thereafter in accordance with Local Civil Rule 72.D.2.

Dated: September 14, 2026

RESPECTFULLY SUBMITTED,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Christy Criswell Wiegand
United States District Judge

MARKAZZ SMITHSON
#188714
RENEWAL CENTER
339 Blvd of the Allies
Pittsburgh, PA 15222